Johnson, C. J. This was a scire facias issued by the plaintiff in error against the defendant to revive a judgment therein described. It is contended that the scire facias is demurrable upon the ground that it seeks to revive a judgment lien, when it is shown upon its face that the lien of the original j udgment had already expired, One distinction taken seems to be between a judgment lien and the judgment itself. A sci. fa. whether considered as an original or judicial writ is an action and such as the defendant may plead to"; and therefore if is held that a release of all actions is a good bar to a sci. fa. A man may plead in bar or abatement to a sci. fa. as well as to other actions. Lucas 113. Yelv. 218, The 3d section of chapter 84 of the Revised Statutes provides that “ Liens shall commence on the day of the rendition of the judgment, and shall continue for three years, subject to be revived as hereinafter provided.” The 11th section of the same act further provides that, “ If a scire facias be sued out before the termination of the lien of any judgment or decree, the lien of the judgment revived shall have relation to the day on which the scire facias issued; but if the lien of any judgment or decree shall have expired before suing out the scire facias, the judgment of revival shall only be a lien from the time of the rendition of such judgment.” The defendants in their argument lay great stress upon the particular phraseology used in the writ, by which. they are required to show cause why the judgment lien of the plains tiffshould not be revived and continued. It is insisted that inasmuch .as the lien of the original judgment had expired before the issuance of the sci. fa., that therefore the lien of that judgment could not he i’evived, but that the judgment alone could be revived, and that the lien created by it could only operate from the date of such revival. The statute is explicit that where the lien has expired before the issuance of the sci. fa. the new lien can only attach from the day of the rendition of such judgment of revival, yet we can perceive no good reason why that circumstance should require the adoption of a different expression in the writ. In either case the object is to revive the original judgment, and as a necessary consequence the lien of that judgment. It is not true as contended that because the lien has expired it cannot be revived. The only difference is that in the one case the judgment of revival sustains the lien of the original judgment and continues it without intermission, but in the other it is only revived to take effect from the time of the rendition of such judgment of revival. Nothing can be more .clear than that a party may sue out a scire facias to revive a judgment after the expiration of the lien, but in that case the lien can only operate from the .date of such revivor. Among other causes .of demurrer it was also urged that one of the defendants in the original judgment was not living at the time of the issuance of the sci. fa. and that therefore the circuit court had no jurisdiction. This objection is fully answered by the 16th section of the act already referred to., which enacts that “such judgment or decree may be revived against the representatives of any deceased defendant by scire facias in the name of the surviving plaintiff and the representatives of s.uch as are deceased.” Upon a close and critical examination of the sci. fa. issued in this case, we have not been able to discover any valid objection to it. We think it clear therefore that the circuit court erred in sustaining the demurrers of those who appeared in obedience to the mandate of the writ. The error is equally apparent as to those who made default as they were called upon in the identical language of the statute, and seem to have been duly and legally notified of the pendency of the proceeding. From every view of this case we think there can be no doubt but that the circuit court erred both in sustaining the demurrers and also in refusing to revive against those who made Refault. Judgment reversed.